Payton v. Louisville & N. R. R. Co.

---

CASE 8—ACTION BY GEORGE W. PAYTON AGAINST LOUISVILLE & N. R. R. Co. TO COMPEL SAID COMPANY TO RESTORE CATTLE GUARDS REMOVED BY IT—MARCH 5.

# Payton v. Louisville & N. R. R. Co.

APPEAL FROM HARDIN CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS.    AFFIRMED.

RAILROADS—CATTLE GUARDS—PRESCRIPTIVE RIGHTS.

Held: 1. Under Kentucky Statutes, section 1793, providing that railroad companies shall erect and maintain cattle guards at terminal points of fences constructed along their lines, but where there is a private passway across the railroad the landowner shall bear half the expenses of the cattle guards and gates—the owner to erect the gates and the railroad company the cattle guards—the railroad company is not required to erect cattle guards at the points of entering or leaving plaintiff's farm, there being no terminal point of the right of way fence, or at the place where the owner has a passway, there being no averment that the passway is obstructed or that plaintiff had ever offered to pay one-half the expense of erecting and maintaining them, and the company having done so he can have no prescriptive right, and it may remove the cattle guards and wing fences at any time.

W. A. BARRY, J. D. IRWIN AND R. L. STITH, FOR APPELLANT.

The appellant alleges in his petition that he and those from whom he bought, have been for thirty-five or forty years in possession of a tract of land through which appellee's railroad runs, and that appellee had erected and maintained two cattle guards consisting of two wings, each on appellee's line of railway

through appellant's land near his barn, and at a crossing on said railroad—and had erected and maintained a cattle guard about 250 yards of the one above named, one wing on each side of a passway, all of which had been used and enjoyed by appellant and his vendors for thirty-five or forty years, and that these two wings of cattle guards are necessary for him in the reasonable use of his land and farm; and after so maintaining same for said time, appellee has forcibly and wrongfully, and against his consent and protest taken out and removed all of said cattle guards from the ground and place where they have been so maintained to his damage, etc.

We contend that the long continued maintenance of such cattle guards by the appellee and, the use and enjoyment thereof by plaintiff, has repined into title by prescription.

To this petition the appellee filed a demurrer which was sustained, from which judgment this appeal is prosecuted.

### LIST OF AUTHORITIES CITED.

Am. & Eng. Ency. Law, vol. 19, pp. 23 and 26; Kentucky Statutes, sec. 1793; Tudor's Leading Cases on Real Property, 167; Van Rensselaer v. Albany & West Stockbridge R. R. Co., 3 N. Y. S. C., 620; 8 Id., 507; 62 N. Y., 65; Leading Cases in the American Law of Real Property, vol. 4, p. 124; Am. & Eng. Ency. of Law, vol 6. p. 151; Am. & Eng. Ency. of Law, vol. 27, p. 908; Beall v. Clore, 6 Bush, 680; 3 Kent's Com., 563; 6 B. Monroe, 136; L. & N. R. R. Co.'s charter, sec. 16; L. & N. R. R. Co. v. Pitman, 21 Ky. Law Rep., 1037 and 1038, &c., Ky. Union Ry. Co's Receiver v. Forkner, 19 Ky. Law Rep., 378.

W. H. MARRIOTT, FOR APPELLEE.

### POINTS AND AUTHORITIES.

1. The statute does not require appellee to erect or maintain cattle guards at farm crossings until the land owner offers to bear one-half of the cattle guards and gates. Kentucky Statutes, section 1793.

2. There is no duty at common law to maintain cattle guards at farm crossings. Elliott on Railroads, sec. 1198; B. & C. R. R. Co. v. Parsons, 27 L. R. A., 264; Brooks v. N. Y. & E. R. R. Co., 13 Barb., 594; Sather v. C. M. St. P. R. R. Co., 40 Minn., 91; McKee v. C., N. O. & T. P. R. R. Co.'s Rec'r, 19 Ky. Law Rep., 1270.

3. The owner of the servient estate is under no obligation to fence the way. Jones on Easements, sec. 409; Thompson v. L. & N. R. R. Co., 23 Ky. Law Rep., 476; Goddard on Easements; Bowman v. Wickliffe, 15 B. M., 84; Mo. P. Ry. Co. v. Fitterling, 79 Mo., 504; Brill v. Brill, 108 N. Y., 511; Bland v. Smith, 23 Ky. Law Rep., 1802.

OPINION OF THE COURT BY CHIEF JUSTICE BURNAM—AFFIRMING.

The appellant, George W. Payton, brought this suit to compel the appellee, the Louisville & Nashville Railroad Company, to restore cattle guards removed by it, which it had maintained for 35 or 40 years on both sides of his farm crossing, and also at the property line between his farm and the one adjacent, on the ground that by long-continued use of the passway he had acquired an easement in the wing fences and cattle guards which inclosed it, and that their removal had rendered his crossing less convenient in driving stock across the railroad from one part of his farm to another, as there was nothing to prevent them from running up and down the right of way. A general demurrer was sustained to the petition, and, failing to plead further, his petition was dismissed, and he appeals.

The common law imposed no duty upon railroad companies to fence their roads, maintain cattle guards, or erect any other barrier or stay against the intrusion of stock upon their roads or right of way. See Elliott on Railroads, section 1198; 7 Am. & Eng. Ency. of Law, 906, 912; Rorer on Railroads, 616; Birmingham, etc., R. R. Co. v. Parsons (Ala.), 13 South., 602, 27 L. R. A., 264, 46 Am. St. Rep., 92. And wherever these duties exist they are always by virtue either of the contract or a statute. There is no claim that the defendant owed plaintiff any duty to maintain these cattle guards by virtue of any contract. And section 1793 of the Kentucky Statutes is the only statute bearing upon the question. It provides: "All corporations and persons owning or controlling and operating railroads, as aforesaid, shall erect and maintain cattle guards at all terminal points of fences constructed along their lines, except at points where such lines are required to be fenced on both sides and at public crossings. But where there

is a private pass-way crossing said railroad, the land owner
for whose benefit it is kept open, shall bear one half of the
expense of cattle guards and gates. The former to erect
gates. The corporation or person operating the rail-
road to erect the cattle guards." In McKee v. Chicago,
New Orleans & Texas Pacific R. R. Co.'s Receiver (102 Ky.,
253), (19 R., 1270), 43 S. W., 241, it was the contention
of the land holder that it was the duty of the railroad com-
pany operating its line through his farm to construct and
maintain cattle guards at the point where the railroad
company entered his farm and where it left it. And in
that case, as in this, the company had actually constructed
such guards when it built its railroad in 1876, and had
torn them down in 1894, and in consequence thereof his
farm had been trespassed upon and his crops destroyed.
In response to this contention, the court said: "The rail-
road company, not being under any legal obligation to main-
tain cattle guards at the points of entering and leaving the
plaintiff's farm, merely because they were dividing lines
with his neighbor, might remove them at any time. These
guards were not division or partition fences between his
lands and those of the company. They were wholly on the
lands of the company, and the rights of the parties were
not regulated by the provisions of the law as to division
fences on farm lands." There is no averment that the pass-
way is obstructed, or that plaintiff had ever offered to pay
one-half the expense of erecting and maintaining them, and
consequently he does not bring himself within the purview
of the statute. And "no obligation rests upon the land-
owner to fence the way in which another has an easement."
See Jones on Easements, section 409. The cattle guards
and wing fences were erected and maintained by the rail-
road company entirely on its own land, and form no part

of the division fences between its right of way and the land of plaintiff, and no length of time would have vested him with a prescriptive right to require their maintenance by the railroad company alone.

For reasons indicated, the judgment is affirmed.