ELMER CRAW, Exr.

*v.*

SYLVESTER CRAW *et al.*

*Opinion filed June 23, 1904.*

1. WILLS—*such a construction is favored as will dispose of the entire estate.* Since it is presumed that one making a will intends to dispose of his entire estate by that means, such a construction of the will will be adopted, if possible, as will leave no part of the estate intestate property.

2. SAME—*when widow's right to income is not limited to support.* A will giving the widow the "care, possession and entire control" of the home farm, the proceeds to contribute towards the support of the widow and minor children until the youngest shall become of age and then to the support of the widow "during her natural life," passes the entire income of such farm to the widow for life, there being no disposition of any surplus over the amount used for her support, the character of which is in no way limited.

3. COSTS—*when costs are properly decreed against executor.* Costs are properly decreed against an executor, upon dismissal of his bill, without providing that they be paid by the estate or in due course of administration, where it is clear the bill was filed for the purpose of advancing complainant's own interest as an heir.

APPEAL from the Circuit Court of Champaign county; the Hon. WILLIAM C. JOHNS, Judge, presiding.

RAY & DOBBINS, for appellant.

GEORGE W. GERE, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On October 15, 1889, Charles W. Craw died, leaving Lucy R. Craw, one of the appellees, his widow, and nine children, one of whom is the appellant, Elmer Craw, and the others are appellees. He left a will, the provisions of which are as follows:

"I hereby appoint my wife, Lucy R. Craw, and my son Elmer Craw, executors of this my last will without bonds.

"I hereby appoint my wife the guardian of my minor children, without bonds. It is my will and purpose that my wife shall have the care, possession and entire control of my farm of three hundred and fifty acres in section 26, and twenty acres in section 25, in town 18, range 7, east of the third principal meridian, in said county of Champaign. Said tracts are known as the home farm; that the proceeds of the said lands and farm shall contribute to the support of my said wife and minor children until the youngest shall become of age, and then to the support of my wife during her natural life.

"I hereby authorize and empower my executors to sell and convey, by any proper form or deed, any part or all of my lands situated in the counties of Barbour and Harper, in the State of Kansas; also to sell and convey any lots, tracts or parcels of lands, and any improvements thereon, owned and held by me situated in the village

of Sadorus or in the village of Tolono, in Champaign county, Illinois; and 'I desire my said executors to use their own discretion as to the time when said properties shall be sold, but it is my will that the proceeds of such sales shall be applied to equalize advancements among my children until they shall all stand equal with my son Sylvester, whose advancements now amount to the sum of $2850 in lands and moneys, as shown by my books. After equalizing said advancements, should there remain a surplus from such sales, I direct that my executors shall pay the sum over to my wife, to be disposed of at her discretion. In case such sales shall not realize sufficient money to advance all my children alike, as above intended, then I direct that those having received the full sum of $2850 shall refund to said executors so much as shall be necessary to equalize said advancements.

"After reserving so much of the cemetery grounds lying in said section 25 as may be desired by the members of my family for burial purposes, I hereby devise the remainder of unsold and unreserved lots and tracts to my executors, with full power to convey the same as fully as I might do if living, and the money arising therefrom shall be paid to my wife, to be used as she may see proper.

"I hereby will and bequeath to my said wife, Lucy, all my personal property of whatever name or nature, in full confidence that her natural affection for her children will dispose her to deal justly with each of them and assist them according to her own judgment.

"It is my will that no interest shall be charged on advancements until the youngest child shall become of age.

"After the death of my said wife it is my will that the surviving executor, or, in case of his death or inability to act, such administrator with the will annexed as the proper court shall appoint, shall proceed to sell and dispose of lands hereby placed in the care and control of my said wife under item 3 hereof, and also any other

lands or real estate of mine not then disposed of, and shall divide the proceeds thereof equally among my children, share and share alike, or their representatives, having regard to the advancements herein provided for, grandchildren taking only their parent's share."

Elmer Craw and Lucy R. Craw qualified as executors, and she took possession of the personal property and the home farm. Five of the children were adults and four were minors. She provided a home for the minor children and supported herself and them until they all arrived at their majority, and afterward appropriated the income to herself. Appellant, Elmer Craw, the other executor, filed the bill in this case against Lucy R. Craw, the widow, and his brothers and sisters, the appellees, in the circuit court of Champaign county, asking the court to construe the will and compel the widow, Lucy R. Craw, 'to account to the estate for the excess of rents and profits of the home farm above the amount necessary for her support and that of the minor children, and to compel James Craw, one of the sons, who had occupied the farm, to account for the reasonable rental value of said farm. There were other averments in the bill concerning property of the estate, but the controversy is over the question whether any surplus of rents, after furnishing a reasonable support to the widow, belongs to her or to the estate of Charles W. Craw, deceased. The bill charged that the widow allowed the defendant, James Craw, one of the sons of the testator, to occupy a large part of the farm without paying a reasonable rent therefor; that she ought to be compelled to account for the reasonable rental value, and that James Craw should be charged upon his legacy with an excess above what he had paid to equal such reasonable rental value. The defendants, by their answer, alleged that out of the income from the farm the defendant Lucy R. Craw maintained the minor children and provided a home and education for them until they

arrived at their majority, and after that time had furnished them a home when necessary, and denied that she was accountable to any one for the management of the farm or the rents and profits. The case was referred to the master in chancery, who took the testimony and reported that the defendant Lucy R. Craw was seized with an estate for life in said home farm, subject to a charge thereon for the support and maintenance of the minor children during their minority; that she was not bound to secure from the use of the lands more than such support of said minor children, and that she was entitled to the rents and profits without accounting for them, except as to such support and maintenance. Exceptions of the complainant to the report were overruled and a decree was entered dismissing the bill for want of equity.

Appellant's position is, that no estate was devised to the widow, Lucy R. Craw, but that a trust was created for the support of herself and the minor children; that the testator gave to her other property which should go toward her support, and the income of the home farm was only to contribute or supply any deficiency; that she was merely given the possession and control of the farm to apply so much of the income as should be necessary for her reasonable support and that of the minor children, and to preserve the balance for the estate.

The object in construing a will is to discover the intention of the testator by considering all of the provisions of the will, and such intention, when discovered, if not in conflict with the law, is to be carried out. The use of technical terms in disposing of property is not required, and it is a universal presumption that one who makes a will intends to dispose of his entire estate by that means and not to die intestate as to any part of his property. A construction may be inevitable by which part of the estate will be left as intestate property, but if it is reasonably possible, such a construction will be adopted as will dispose of the entire estate. (*Scofield* v.

*Olcott*, 120 Ill. 362; *King* v. *King*, 168 id. 273; *Minkler* v. *Simons*, 172 id. 323.) By this will the testator gave to his widow, Lucy R. Craw, all his personal property, and also the proceeds of the unreserved lots and tracts of the cemetery grounds, and any surplus that might remain from the sale of other lands and lots after equalizing the advancements to his children. Beyond equalizing advancements between his children he manifested no intention to give them anything further until the sale of lands after the death of his widow. He appointed her the guardian of his minor children and gave her the care, possession and entire control of the home farm, with the provision that the proceeds thereof should contribute to the support of herself and the minor children until the youngest should become of age, and then to her support during her natural life. After her death said farm, and any lands or real estate not disposed of, were to be sold and the proceeds to be divided equally among his children, share and share alike, or their representatives, having regard to the advancements. It will be seen that any surplus over and above the amount necessary for a reasonable support of the widow and minor children was not disposed of in any manner, either by a direct gift or by a general residuary clause. To adopt the construction contended for by appellant would be to hold that the testator, in making his will, intended to dispose of all his property except such a surplus, which he intended should be intestate property not disposed of by the will. Any reasonable construction that would avoid that conclusion must be adopted, under well established rules. Furthermore, the provision is not for necessary or reasonable support, and no limit is set to the character of the support. The amount to be expended is left entirely to the discretion of the widow, without supervision or control, and it is manifest that she could spend the whole income in supporting herself, if she should see fit. The proceeds of all other property were carefully provided

for by the testator, but there was no provision for the disposition of any excess of income or any intention apparent to apply less than the whole income to the use of the widow. Nothing was said about either division or accumulation of surplus income, and if either had been intended, it is more than probable that the testator would have made suitable provision therefor. A devise of the entire use and income, with possession and control, is equivalent to a devise of the property for the life of the widow after the youngest child became of full age. If there was no right in the complainant to call the widow to account for any part of the rents, issues and profits of the home farm his bill could not be maintained. We think the circuit court was right in concluding that there was no such right in the complainant, either as co-executor or heir, and that the bill was properly dismissed.

Appellant complains that the court decreed the costs against him without providing that they should be paid by the estate or in due course of administration. He insists that the case was a proper one for the construction of the will and that the court should have decreed the costs against the estate, with the allowance of a reasonable amount for the fees of his solicitor. Where a trust is involved and the testator has expressed his intention so ambiguously as to make it doubtful and justify an application to a court of equity for a construction of the will and direction as to the execution of the trust, the costs should be borne by the estate, but in this case the bill was not filed merely for the purpose of obtaining a construction of the will and the direction of the court. It is clear that it was filed because complainant thought other children were being favored by his mother and for the purpose of getting something for himself, as an heir. We do not think the court erred in respect to the costs.

The decree is affirmed.          *Decree affirmed.*