## Goddard's Executrix v. Goddard, Jr., et al.

(Decided March 26, 1915.)

### Appeal from Mercer Circuit Court.

Wills—Construction—Actions to Construe Wills—Fees and Costs. —Where the executrix institutes a proceeding for the ostensible purpose of obtaining a construction of the will but in fact for the purpose of enforcing a claim against other beneficiaries, the fees of plaintiffs' attorneys are not a proper charge against the estate.

BAILEY D. BERRY and R. W. KEENON for appellant.

O'REAR & WILLIAMS and J. T. WILSON for appellees.

RESPONSE TO PETITION FOR REHEARING AND EXTENSION OF OPINION BY JUDGE HANNAH—Rehearing denied; opinion extended.

The appellees herein have filed a petition for rehearing and for extension of the original opinion, which will be found in 160 Ky., 759.

The trial court allowed an attorney fee of one thousand dollars to appellant's attorneys, payable out of the assets of the estate; and appellants prayed a cross-appeal therefrom, insisting that this sum should be paid as a personal liability of the widow. In the preparation of the original opinion herein, the cross-appeal was inadvertently omitted to be passed upon.

In the institution of this suit, the plaintiff executrix ostensibly sought a construction of the will of the testator, but at the same time she asked the court to adjudge to her one-third of the value of the personal property which came to her hands as executrix, which she stated was more than ten thousand dollars, and one-third of the value of the real estate, which she stated is worth at least forty-eight thousand dollars. The petition also alleges that three of the defendants are asserting that plaintiff's distributable share in the estate does not in any event exceed the sum of eight thousand dollars, and are claiming that she is not entitled to any distributable share whatever. The petition also alleges that the plaintiff does not desire to make any distribution of the property until fully advised by the court as to what her rights are under the will as well as the rights of the defendants.

There is no contention among the devisees so far as appears from the record as to their respective rights between themselves, and counsel for appellant concedes that there is very little controversy or question in regard to the special legacies upon the part of any of the contending parties, if any special legacies are due at all.

So the action is in truth brought for the purpose of enforcing the individual claim of the plaintiff against the estate for about nineteen thousand dollars. The defendants do not deny the right of the plaintiff to maintainance out of the estate. In fact the record shows that since her removal from the farm, twelve years prior to the filing of this action, she has been receiving and is still receiving twenty-one hundred dollars per year as rentals. The defendants only denied her rights to sell the land and her claim to one-third of the proceeds of the sale of the personalty and real property.

This is not the kind of action which justifies the charge of counsel fees for plaintiff upon the estate. The services of her counsel was for her own benefit as a devisee, not for the benefit of the estate. The trial court

therefore erred in adjudging that the fees of her attorneys be paid out of the assets of the estate. Talbott v. Clarkson, 10 Ky. Opin., 668; 40 Cyc., 1864; Taylor v. Minor, 90 Ky., 544; Craw v. Craw, 210 Ill., 246, 71 N. E., 450.

The petition for rehearing is overruled; the petition for extension of the opinion is granted, and the opinion extended as herein indicated. The judgment is reversed on the cross-appeal.