(No. 13128.—Reversed and remanded.)

KNUTE A. RASMUSSON, Defendant in Error, vs. THE UN-
KNOWN WIFE OF WILLIAM HOGE et al.—(HERMIONE
H. HOGE et al. Plaintiffs in Error.)

*Opinion filed April 21, 1920—Rehearing denied June 2, 1920.*

1. WILLS—*construction giving effect to provisions of will should be adopted, if possible.* No words of a will are to be deemed used without a purpose, and where one construction renders a portion of the will meaningless and another gives effect to all the provisions the latter construction should be adopted.

2. SAME—*meaning of the word "descendants."* "Descendants" is a broader term than "children," and includes all lineal heirs in the direct descending line from the person or all who proceed from his body.

3. SAME—*when "descendants" take by executory devise and not by way of substitution.* Where a testator provides that his real estate shall go to his wife as long as she remains his widow and until his child or children become of age, when the property shall be divided into two parts,—one-half to his widow for life and the other half to his child or children,—and that at the death of his wife the whole of the property shall go to his child or children and their "descendants," the only child of the testator, on becoming of age during the lifetime of the widow, takes an indefeasible title in one-half the property and a determinable fee in the other half, subject to an executory devise over to his descendants if he dies before the widow.

4. SAME—*when estate in fee simple becomes a base or determinable fee.* An estate in fee simple which is limited by a subsequent valid provision to go over to others on the happening of a certain contingency is a base or determinable fee until the contingency happens.

5. SAME—*the expressed intention of the testator must govern.* The rule that a will is to be construed, if possible, so as to prevent the possibility of intestacy must yield to the expressed intention of the testator.

WRIT OF ERROR to the Circuit Court of Grundy county; the Hon. EDGAR ELDREDGE, Judge, presiding.

HAYES & STOUGH, for plaintiffs in error.

BUTTERS & CLARK, for defendant in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

Knute A. Rasmusson, defendant in error, filed his bill in the circuit court of Grundy county to quiet his title to a farm of 240 acres. He acquired his title through conveyances by Sarah R. Hoge and Herman B. Hoge, the widow and only child of Solomon Hoge, who died testate in 1892, leaving surviving him his widow, Sarah, and Herman, his only child and heir. The bill set out the will of Solomon Hoge and alleged that the widow is still living; that under the will Herman B. Hoge, on arriving at the age of twenty-one years, became vested with the fee to the land of the testator; that in 1896 the widow conveyed the premises to Herman, he being then more than twenty-one years old; that in 1899 Herman conveyed to the widow a life estate in the farm, and in 1900 he and his wife conveyed the farm by quit-claim deed to Howard H. Bayne, trustee; that in December of the same year said trustee and Herman conveyed the land to the widow, Sarah. The bill further alleges that in November, 1903, Sarah conveyed the land by warranty deed to defendant in error, whereby he became vested with the title in fee simple. The bill alleges that Hobart H. and Hermione H. Hoge are the only children of Herman B. Hoge and claim to own some title to or interest in the land described, and that said parties, by notifying prospective purchasers they claimed an interest in the premises, had prevented defendant in error from selling the land and had interfered with the free enjoyment of his property. The bill prayed that the defendant in error be declared the absolute owner in fee; that his title be quieted against any claim of title or interest of all persons claiming any title or interest, and that the title be quieted as against all claims of interest of Hobart H. and Hermione H. Hoge and all other defendants. Hobart H. and Hermione H. Hoge demurred to the bill, and by the demurrer raised the question whether under the will of Solomon Hoge the children of his only child, Herman, had

an interest in the land or any. possibility of ever having any interest therein at some future time under said will, and whether if they did have or there was a possibility of their having at some future time an interest under said will such interest had been destroyed by the conveyances mentioned in the bill. The chancellor overruled the demurrer. Plaintiffs in error refused to answer further, and a decree was rendered granting the relief. prayed and perpetually enjoining plaintiffs in error from asserting any claim to the land.

The contention of plaintiffs in error is that it is possible that events may happen which will entitle them to the land, or some interest in it, under the will of Solomon Hoge; that the chancellor therefore erred in overruling the demurrer and entering a decree forever barring them from asserting any claim to the land.

The decision of the case depends upon the construction to be given the will of Solomon Hoge, and more particularly the eighth paragraph of the will. By the second paragraph of the will he gave the use of all his real estate to his wife for her support and the support and education of any of his children who might survive him, so long as his wife remained his widow or until such children should become of age. The third paragraph provided that if testator's widow should marry before the children became of age, one-half his real estate should be set apart separately for the benefit of the children and the other half for the benefit of his wife. The fourth paragraph provided that if the wife should die and the testator's children survived her the whole of the real estate should immediately go to such child or children. The fifth paragraph provided that if testator's child or children should die without issue during the life of his widow, then she should have the use of all his real estate as long as she lived. The sixth paragraph directed that in case of the death of the testator's wife and the death of his children without issue surviving before they became of age, $1000 of his personal estate should

go to Lizzie Bashaw and the remainder of his personal estate to the children of his nephew, William Hoge, Jr. By the seventh paragraph the testator directed that none of his real estate be sold until the death of his child or children or until they should have become of age. The eighth paragraph, which is the principal part of the will involved in this case, is as follows:

"*Eighth*—When my child or children become of age the real estate shall be divided by my executors into two parts of equal value, if at that time my wife shall be living; one-half, containing the homestead, shall be set apart for the use of my wife as long as she lives, and the other half shall become immediately the property of such child or children as then may be living; and whenever my wife shall die, the whole of the said real estate shall go to my child or children and their descendants, but if such child or children should die without issue before arriving at maturity, it is my will that my wife shall have the use of all my real estate so long as she lives, and at her death I devise the same to the children of the said William Hoge, Jr., son of my brother, William Hoge, and their descendants."

Counsel for plaintiffs in error concede Herman B. Hoge took a vested interest in the premises under the will,—if not upon the death of Solomon Hoge, at least at the time he became of age,—subject to an executory devise over in the event of Herman dying during the life of the widow, leaving descendants surviving him. The construction given the will by the chancellor was, that the widow took a life estate, and that Herman, on arriving at the age of twenty-one years, became vested of an indefeasible title in fee simple, subject to the life estate of the widow, and that through the conveyances from him and the widow defendant in error became vested with an indefeasible title in fee.

Solomon Hoge never had any child born to him except Herman, who must have been a mere infant when the will was made, in 1879. Counsel for the respective parties

agree that the interest, if any, of Herman's descendants un-
der the will is not a contingent remainder but that an es-
tate in fee vested in Herman when he became twenty-one
years of age. Counsel for plaintiffs in error contend that
he did not take an indefeasible fee, but that by executory
devise over to his descendants his estate was subject to be
defeated in the event of his dying before the widow, leav-
ing children or descendants. Under that construction it is
not claimed the children of Herman have any present es-
tate, but that they will become entitled to the land, or some
interest in it, under the will, if their father dies before the
life tenant. The position of counsel for defendant in error
is that an indefeasible estate in fee vested in Herman when
he became twenty-one, subject to the widow's life estate, and
if he died before the death of the life tenant, then his de-
scendants would take, by way of substitution, his estate.

A consideration of the entire will shows the principal
object of the testator was to provide for his wife and any
child that might survive him. He gave her the use of all
his real estate for her support and the support and educa-
tion of any surviving child or children so long as she re-
mained his widow or until such children should become of
age. In the event of her marrying before that time one-
half of the real estate was to be set apart for her benefit
and the other half for the benefit of testator's children, and
at her death the use of the whole of the real estate should
immediately go to such child or children. If the testator's
child or children all died without issue, the widow, if she
survived, should have the use of all the real estate for life,
and in that event at the widow's death Lizzie Bashaw was
to have $1000, payable out of the personal estate, and the
remainder of the personal estate was to go to the children
of William Hoge, Jr., testator's nephew. By the seventh
clause of the will testator directed that if his child or chil-
dren lived, none of his real estate be sold until they became
of age. When that time arrived the land was to be divided

by the executors into two equal parts. The part on which the homestead was located was to be set apart for the use of the widow during her life and the other half was to become immediately the property of the testator's child or children then living. At the death of the widow the whole of the real estate was to go to the testator's child or children "and their descendants." If such child or children died without issue before maturity the widow was to have a life estate in all the land and at her death it was to go to the children of testator's nephew. By the eleventh paragraph the testator directed that when his child or children became of age the personal estate be divided and one-half given the widow, the other half to the child or children. The testator had in contemplation when he made the will the possibility of more children being born to him, but none other than Herman was ever born. It seems apparent that the testator intended that an estate in fee should vest in him,—if not at the testator's death at least when he became twenty-one,—subject to the widow's life estate.

That the object to be attained in the construction of a will is to give effect to the intention of the testator is well understood. No words of the will are to be deemed used without a purpose, and where one construction renders a portion of the will meaningless and another gives effect to all the provisions, the latter construction should be adopted. (*Winter* v. *Dibble,* 251 Ill. 200; *Walker* v. *Walker,* 283 id. 11.) Under the rules laid down in those cases and many others, we cannot ignore, as intended by the testator to mean nothing, the language in the eighth paragraph, that on the death of the widow all the real estate "shall go to my child or children and their descendants." If it has any meaning it must be an executory devise over to the descendants of the testator's child in the event such child did not survive the termination of the life estate in one-half of the land. The will provided, as we have seen, that when testator's child became twenty-one the property

should be divided into two equal parts and one of them immediately become the property of the child. The widow was given a life estate in the other half. When the time for distribution arrived,—that is, when he became twenty-one,—Herman became the absolute owner in fee of one-half the premises, for he was the only child and was then living. No further limitation attached to said one-half, but as to the other half the widow was given a life estate, and as to that half the will provided that at the time of distribution,—that is, at the termination of the life estate,—the one-half should go to the child of the testator and his descendants.

As we understand the position of defendant in error, it is that one-half the land became Herman's absolutely when he became twenty-one, and at that time he also became vested of an indefeasible fee in the other half, subject to the widow's life estate, but if he died before the termination of the life estate his descendants would take the property by way of substitution. We do not see how that construction can be given the will. If Herman had an indefeasible fee in remainder subject to the life estate, on his death his property would go to his heirs general. But that would be contrary to the expressed intention of the testator. He directed that in such event it should go to certain heirs,—that is, descendants of his son. Descendants is a broader term than children, and includes all lineal heirs in the direct descending line from the person or all who proceed from his body. (*Bates* v. *Gillett,* 132 Ill. 287.) It does not include heirs in the ascending line. It would seem from the language of the will the testator had in mind the possibility of the son's death before the death of the life tenant, in which event he did not intend the land to descend to the heirs general of the son but that it should go only to those answering the description of descendants, which would include children, grandchildren and great-grandchildren, or all lineal heirs in a direct descending line

from Herman. To say if Herman died before the death of the life tenant his descendants would take in substitution is to give such effect to the will as to render inconsistent a construction that Herman took an indefeasible fee simple under it. In our opinion Herman took under the will a fee simple absolute to one-half the real estate when he became twenty-one. He took a determinable fee in the other half, subject to be defeated by an executory devise over to his descendants in the event of his death before the death of the life tenant.

Plaintiffs in error have no vested interest now, and we do not think their possible future interest is a contingent remainder but is by way of executory devise. An estate in fee simple may be limited by a subsequent valid provision to go over to others on the happening of a certain contingency. Until the contingency happens it is a base or determinable fee. (*Williams* v. *Elliott*, 246 Ill. 548.) The contingency upon which the executory devise over to the descendants of Herman is to take effect is not in violation of any rule of law or against public policy. It will take effect, if at all, at the moment Herman dies, if the life tenant survives him. If Herman survives the life tenant then the contingency upon which the executory devise over was to take effect will never happen and his title to the one-half given the widow for life would at once become absolute and indefeasible.

As we construe the will, Herman's title to one-half the real estate became indefeasible when he arrived at the age of twenty-one. By the failure of the executors to divide it into two equal parts his title to one-half was not affected, but it is to the undivided one-half of the whole instead of a particular part, as would have been the case had the land been divided. This construction would give defendant in error an indefeasible title in fee to the undivided one-half of the land. His title to the other half is a determinable fee, subject to be defeated by the death of Herman

before the death of the life tenant. It is contended by the defendant in error that under such a construction there was a possibility that the testator's estate, or part of it, might become intestate, and for that reason the will should not receive the construction we have given it. It is true, courts will, where it can reasonably be done, construe a will so as to prevent the possibility of intestacy, but that rule must yield to the expressed intention of the testator. *Craw* v. *Craw, 210* Ill. *246.*

Without disregarding a part of the language of para-graph 8 of the will we are unable to give the will the construction given it by the chancellor. The decree is therefore reversed and the cause remanded for further proceedings in harmony with this opinion.       *Reversed and remanded.*