# Cincinnati, New Orleans & Texas Pacific Railroad Company v. Heinz.

(Decided February 12, 1929.)

CHARLES H. RODES, NELSON D. RODES, JOHN W. PECK and MAURICE GALVIN for appellant.

L. L. WALKER and HENRY JACKSON for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

This is the second appeal of this case. The former opinion is reported in 217 Ky. 43, 288 S. W. 1020. It is admitted that the factual statement in that opinion applies alike to the facts on the present appeal, except it is said that the switchstand, with which appellee claims his body came in contact, was only 21 inches high, instead of 24. The case was reversed on the former appeal, because the court submitted to the jury an issue which was not made by the pleadings. The court refrained from passing on the question as to whether the evidence was sufficient to take the case to the jury, or sustain the verdict if the negligence submitted to the jury had been pleaded.

After the case was returned to the lower court, appellee filed two amended petitions, alleging additional acts of negligence. An examination of these pleadings shows that the additional negligence so alleged was to the effect that the switchstand in question was in such close proximity to the car on which appellee was riding as to constitute it an unsafe place in which to work, and also that the brake on the car was defective. The negligence, as finally alleged, consisted of the failure of appellant to provide a light on top of the switchstand, the nearness of the switchstand to the freight car upon the side of which appellee was riding, and that there was a loose chain in the brake connection which made it necessary for appellee to continue to hold up the cut-off lever and by reason of this necessity appellee was compelled to assume and maintain a position on the side of the car which brought him in contact with the switchstand.

The trial court did not submit to the jury any issue relating to the failure of appellant to provide a light on the switchstand, or any issue relating to the alleged loose chain in the brake connection, which made it necessary for him to lift up the cut-off lever and hold it in position in order to perform the work which he was directed to do.

The only question of negligence submitted to the jury was whether the switchstand was located so near the track as to constitute negligence, in that it did not afford a safe place in which appellee should work. In the brief filed on behalf of appellee, we find this statement as to the sole issue before the court on this appeal:

"The railway company proved that the proper location for these switchstands was three and one half feet from the rail, which would have made it clear the car by at least two feet, and they undertook to prove that this particular switchstand was $3\frac{1}{2}$ feet from the rail. If this evidence had been true, then the switchstand could not have struck the plaintiff. However, the plaintiff states unequivocally and positively that the switchstand did strike him, and therefore it becomes a question of credibility of the testimony in this case, as to whether the plaintiff's evidence is true, or whether the defendant's evidence is true. If the switchstand did strike the plaintiff, it was bound to have been directly under him, and only about 18 inches, or 2 feet, from the

rail, when it should have been, according to the admission of the defendant, 3½ feet from the rail.''

It will be seen that counsel for appellee reduces the question for consideration to narrow limits. An examination of the evidence shows that it was as conclusive as it is possible for evidence to be that the switchstand was located 3 feet and 6 inches from the track. This evidence is not disputed by any witness. Appellee does not dispute it, except upon the hypothesis that his ʻbody would not have come in contact with the switchstand, if it had been 3½ feet from the track. It is argued, on behalf of appellee, that if the switchstand was actually 3½ feet from the track, the car on the side of which appellee was riding would have cleared the switchstand by 2 feet. We fail to fully comprehend the contention of appellee on this point. If the car passed within 2 feet of the switchstand, and appellee was riding on the outside of the car, it does not appear to us that it would have been impossible for the body of appellee to come in contact with the switchstand, provided it was high enough to be opposite his body, or his body was low enough to be opposite the switchstand. We are of the opinion that it must be accepted as a fact from the evidence in the case that the switchstand was located 3½ feet from the track. It may be that it is true that the argument advanced by appellee, that his body could not have come in contact with the switchstand, if it was located 3½ feet from the track, is well made, although we do not think so. But, if it is, and should be accepted as established by the proof, we would be much inclined to the opinion that his body did not come in contact with the switchstand. It should be remembered that no one testified that it did so, except appellee.

Those who examined him soon after he claimed to have received the injury, and the learned doctors, not less than five in number, who examined him from time to time thereafter, failed to find any evidence that he had been struck by the switchstand. His evidence was sufficient to make an issue as to whether he was struck by the switchstand, but it was not sufficient to show that the switchstand was nearer to the track than 3½ feet.

The sole question before us is whether the location of the switchstand, 3½ feet from the track, was negligence, and this depends on the evidence which was produced at the trial. The uncontradicted evidence is to the effect that the switchstand used by appellant at the point

where appellee claims he was injured was a modern type used by standard railways throughout the country. The switchstand was located exactly halfway between the two lead tracks, as the distance between the two tracks was 7 feet. It is established that the distance of the lead tracks apart is a question of proper engineering, and that it is the usual distance between such tracks.

The appellee contends that this case comes within the doctrine announced in the case of C. & O. Ry. Co. v. Vaughan's Administratrix, 159, Ky. 433, 167 S. W. 141. It was held in that case that, where it is possible to do so, a railroad company is required to place structures used in connection with its road at such distances from the track that they will not endanger its employees in operating trains, and that, when structures are placed in such proximity to the tracks that they endanger the servants while discharging their duty, the company is liable for injuries that occur without fault on the part of the injured employee. Even if we were at liberty to follow the doctrine announced in that case, which is sound law, still we would be compelled to hold that the facts in the case under consideration do not bring it within the rule. There is no proof that the switchstand was not placed at a proper distance from the track, other than the mere statement of appellee that his body came in contact with it. The proof is conclusive that it was located a safe distance from the track, and there was no danger of an employee coming in contact with it when discharging his duties in the usual and customary manner.

This action was brought under the Federal Employer's Liability Act, U. S. Comp. Stats., 8657-8665 (45 USCA secs. 51-59). In such a case it is necessary that the question of negligence on the part of the railway company must be determined in the light of the principles of the common law of negligence as applied in the federal courts. This was decided by us in the case of L. & N. R. Co. v. Grant, 223 Ky. 39, 2 S. W. (2d) 1063. The Supreme Court of the United States so held in the case of C., M. & St. P. Ry. Co. v. Coogan, 271 U. S. 472, 46 S. Ct. 564, 70 L. Ed. 1041. It is very clear, therefore, that we must consider the testimony in this case on the question of negligence in the light of the decisions of the federal courts, as well as our own court.

The switchstand was a standard equipment in use by railway systems throughout the country. The Supreme Court has held in more than one case that the sufficiency

820

of standard equipment ordinarily is not a matter to be submitted to the judgment of a jury, if it is established by the proof that the equipment is in general use and is recognized as standard. Under the authority of Toledo, St. L. & W. R. Co. v. Allen, 276 U. S. 165, 48 S. Ct. 215, 72 L. Ed. 513, and Southern Pacific Co. v. Berkshire, 254 U. S. 415, 41 S. Ct. 162, 65 L. Ed. 335, we are of the opinion that appellee did not establish negligence under the principles of the common law of negligence as applied in the federal courts. This being true, the appellant was entitled to have its motion for a peremptory instruction to the jury sustained.

Judgment reversed, and cause remanded for proceedings consistent with this opinion.