Zimmerman, J.
The appellants herein strenuously urge that the Court of Appeals had no authority or right to make the award for expenses and attorney fees under the circumstances presented, and that such award is without statutory support and is contrary to the reported cases dealing with the subject.
It is patent from an examination of the record that the charities and their attorneys had no interest in the will construction action other than to obtain, if possible, the charitable bequests in the will, and their efforts were directed to that end. This is apparent from the statement of one of counsel in the Probate Court as follows:
“Well, your Honor, of course, we have taken the position from the threshold of this case, so far as the question involving the charitable bequests is concerned, it is not a will construction at all. The will *168 needs no construction. It is just as plain as the midday sun. The Court is not called upon to construe this will so far as these charitable organizations are concerned. All you are called upon to do, all they are asking you do is to construe the Ohio statute, Section 10504-5.”
Section 10504-5, General Code, in its pertinent part, reads thus:
“If a testator dies leaving issue of his body, or an adopted child, living, or the lineal descendants of either, and the will of such testator gives, devises or bequeaths the estate of such testator, or any part thereof, to a benevolent, religious, educational or charitable purpose * * * such will as to such gift, devise or bequest, shall be invalid unless it was executed according to law, at least one year prior to the death of the testator. ’ ’
That an enactment of this type is valid and enforceable is recognized in this state and elsewhere. See Patton v. Patton, 39 Ohio St., 590; Ostrander, Admr., v. Preece, Admr., 129 Ohio St., 625, 631, 196 N. E., 670, 673, 103 A. L. R., 218, 222; Barrett, Admr., v. Delmore, 143 Ohio St., 203, 54 N. E. (2d), 789, 153 A. L. R., 192; and 10 American Jurisprudence, 601, Section 23.
In their endeavor to avoid the operation of Section 10504-5, General Code, the charities made several contentions. They maintained that this statute does not affect the charitable bequests in the Hickok will because gifts were made to more than one charity; that it was necessary for the surviving children of Arthur S. Hickok to take affirmative action to come within the protection of the statute; that the Hickok children were required to make a formal election between their rights under the statute and the provisions of the will for their benefit; and that such children had waived^ *169 the protection of the statute by their actions, and by accepting benefits conferred on them by the will they confirmed and adopted all other provisions of the will including the gifts to the charities.
The Probate Court and the Court of Appeals resolved these claims against the charities. In the opinion of the Probate Court the statement is made:
“We find nothing in the conduct of the children, as shown by the evidence, to do other than comply with the terms of the will and to receive such benefits as the will provides for them. Taking the benefits provided by the will in no wise prevents the operation of the statute [Section 10504-5, General Code].”
Although the above recitations are somewhat extraneous to the precise question involved in this case, they are included to demonstrate that the charities and their attorneys were interested only in escaping the statute and securing the charitable bequests given by the Hickok will.
There are many holdings, some of them irreconcilable, touching the matter of the allowance of attorney fees by courts in will construction cases to both the successful and unsuccessful parties thereto. A discussion and analysis of these cases would lengthen this opinion beyond reasonable limits. For those who may be interested, attention is directed to 57 American Jurisprudence, 669, Section 1033; 69 Corpus Juris, 905, Wills, Section 2071 et seq.; 4 Page on Wills (Lifetime Ed.), 607, Section 1613; and In re Hughes, 78 Ohio App., 143, 69 N. E. (2d), 216 (motion to certify overruled), where the leading cases dealing with the subject are cited.
However, in few, if any, of the numerous cases we have examined involving the construction of wills have allowances of expenses and attorney fees out of estates been approved as to unsuccessful party de *170 fendants where those parties participated in the litigation, not in any way for the general benefit of the estates but solely in attempts to gain portions of the estates for themselves. See Goddard’s Exrs. v. Goddard, Jr., 164 Ky., 41, 174 S. W., 743; Mudge, Exr., v. Mudge, 155 Md., 1, 141 A., 396; St. Louis Union Trust Co., Trustee, v. Kaltenbach, Jr., Admr., 353 Mo., 1114, 186 S. W. (2d), 578; and Aldridge v. Rodgers, 183 Va., 866, 33 S. E. (2d), 654.
So here, the charities and their counsel were in no wise concerned in the will construction action save to devise a way to circumvent the plain provisions of Section 10504-5, General Code, for their own advantage.
Assuming, but not deciding, that the Court of Appeals may, in proper circumstances, allow attorney fees to an unsuccessful party defendant in a will construction case, on the ground that such a case is of an equitable nature and comes before the court de novo on an appeal on law and fact, we are convinced that in this case the allowance of expenses and fees, over the vigorous protests of the executors and the Hickok children, was neither proper nor warranted.
It may be confidently stated that this court will not condemn or thwart the allowance of reasonable expenses and attorney fees in an appropriate case, but in this case, for the reasons stated, such allowance cannot be approved or upheld.
The judgment of the Court of Appeals is therefore reversed.

Judgment reversed.

Weygandt, C. J., Stewart, Taet, Matthias and Hart, JJ., concur.
Middleton, J., not participating.