CASE 41—ORDINARY—FEBRUARY 12, 1881.

# Pryor v. Mizner, &c.

### APPEAL FROM JESSAMINE CIRCUIT COURT.

One who is nominated executor of a will has such an interest as gives him the right to appeal from the judgment of a county court rejecting the will.

GEO. R. PRYOR FOR APPELLANT.

Appellant, who is appointed executor of the decedent's will, clearly has the right of appeal from the county court of Jessamine county, which rejected the paper. This right has frequently been asserted in this court. (Payne's Will, 4 Mon., 424; Thompson v. Blackwell, 17 B. Mon., 610; McDonald's Will, 2 J. J. Mar., 332; Wells' Will, 5 Litt., 273; 4 Mon., 153; Tibbatts v. Berry, 10 B. Mon., 473; Redfield on Wills, 3d vol., 77; Ib., 123; Gilbert v. Bartlett, 9 Bush, 52; 33 Ind., 339.)

PORTER & WALLACE FOR APPELLANT.

There can be no question that appellant had the right to present the will for probate. Having that right, with his interest as executor we insist that his right of appeal is clear. (Gordon v. Woods, 4 Bibb, 477; Aleck v. Tevis, 4 Dana, 242; Mitchell v. Rea, 6 J. J. M., 625; Rev. Stat., vol. 1, 497; Gilbert v. Bartlett, 9 Bush, 52; Gen. Stat., 838; 3 Met., 268; Ingles v. Hume, 3 B. Mon., 33.)

JNO. S. BRONAUGH FOR APPELLEES.

1. Appellant is not a devisee, but only appointed executor in the paper purporting to be decedent's will.
2. He has no right to an appeal. (Gen. Stat., chap. 113, sec. 27; Civil Code, sec. 700.)

Pryor v. Mizner, &c.

HUSTON & MULLIGAN and BRECKINRIDGE & SHELBY for APPELLEES.

1. The paper, on its face, shows that two persons are nominated executors. There is no evidence that either is dead, nor that any one, other than Pryor, has ever refused to undertake the execution of the will.

2. Appellant has no such interest as will authorize his appeal.

3. This court has no jurisdiction over the judgment of the circuit court dismissing the appeal from the county court. (Gen. Stat., chap. 113, sec. 7; Civil Code, sec. 700; *Ib.*, 724; Hilliard on Ex'rs, 150; *Ib.*, 231; M. & Brown, vol. 1, 660; Gen. Stat., 440; Rev. Stat., vol. 1, 497.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

This is an appeal from an order of the circuit court dismissing an appeal taken by one nominated as executor by the will of John Mizner from an order of the Jessamine county court, rejecting that paper as his last will.

It is urged in argument here that one named as executor has no such interest as enables him to prosecute an appeal from such an order. By the rule of the common law, the person named as executor derived his powers to act as such from the appointment by the devisor; but now the right to discharge the duties of an executor is derived from the probate of the will.

Under the General Statutes, "the person named as executor shall not act as such to *any extent* until the will or an authenticated copy of it is admitted to record, and he has executed bond, and taken the oath required by law in the court in which the record is made; but he may provide for the burial of the testator, pay the reasonable funeral expenses, and take care of and preserve the estate." (Art. 1, sec. 1, of chap. 39.) So his power is not only limited by the statute, but his acts in taking care of the estate and providing for the burial of the testator seem not to attach to him as executor, as, in the language of the statute, "he shall not act

as such to any extent until the will is admitted to probate, and his qualification according to law." It is made the duty of the executor to execute the will of the testator, and it is also incumbent upon him to present the will to the county court of the testator's residence for probate; and while he cannot act as executor until his qualification as such, it is difficult to perceive how he can qualify until the paper is adjudged to be the last will of the devisor; and having presented the paper to the proper tribunal for probate, it would be a dereliction of duty on the part of the executor, if he was satisfied that the paper was the last will of the testator, to permit its probate denied without any additional effort to have the will recorded.

It is true the judgment of the county court would ordinarily protect the executor; but as the duty of executing the will has been confided to him by the devisor, good faith requires that he should exhaust the remedy afforded him by law for having the will probated, if he is satisfied it was improperly rejected by the county court. Many of the devises in that paper are made to non-residents, and a fund is set apart, to be controlled by the executor, for the purpose, to use the language of the will, "to stimulate emulation among the students of Bethel Academy, I hereby direct my executor to set apart the sum of five hundred dollars, to be used as a prize fund. They shall loan or invest the same as in their judgment they may think best," and with the income three prizes shall be procured and competed for by the students of that academy. A like devise is made for the benefit of the students of the Jessamine Female Institute.

All these trusts and duties with reference to the estate of the devisor have been confided to the executors named in

the rejected paper, and it is not only their right but duty, if in good faith they, or either of them, are satisfied that the paper has been improperly rejected, to prosecute an appeal to the circuit court.    The trusts and duties required of them vest them with such an interest as enables them to prosecute the appeal.    Such appeals have been often prosecuted to this court by like fiduciaries, and while the question has never been raised, the past practice and precedents should be regarded as authoritative on the question.    (Wells' will, 5. Littell, 273; Tibbatts v. Berry, 10 B. Mon., 473.)

The mode of taking the appeal has been determined by this court in the case of Jones v. Jones, 3 Metcalfe, 268. Filing a transcript of the proceedings in the county court with the clerk of the circuit court, and having summons issued, is all that is required.    No supersedeas or bond for costs is required either in the circuit court or this court, and the executor having brought all the parties in interest before the circuit court, and presented a transcript of the record from the county court, has done everything necessary to enable him to be heard in that court.    The statute in regard to wills and appeals in such cases fails to designate any particular mode or form for prosecuting the appeal, and therefore the mode adopted by or practice sanctioned for many years will not now be disregarded.    Appeals are taken in such cases to the circuit court as appeals are taken to this court, by filing a transcript of the proceedings and having summons issued.

No bill of exceptions is necessary in this case.    The record of the circuit court shows that the transcript was filed in that court, and that on motion the appeal of the executor was dismissed.    The dismissal was improper, and the order of the circuit court is reversed, with directions to hear the

appeal, (Payne's will, 4 Mon., 422; Thompson v. Blackwell, 17 B. Mon., 610; Jones v. Jones, 3 Met., 266; McDaniel's Will, 2 J. J. M., 331; Wells' Will, 5 Littell, 273; Gilbert v. Bartlett, 9 Bush, 49.)