## Williams' Administrator, Ex parte.

(Decided March 17, 1914.)

### Appeal from Bell Circuit Court.

Executors and Administrators—Removal of Administrator—Cause.—A county court which after the second county court appoints a stranger as administrator of a decedent's estate, can not remove him except for cause.

R. L. POPE, R. S. ROSE and J. M. GILBERT for appellant.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

This appeal involves the propriety of the action of the County Court of Bell County in removing William Tye as administrator of Ollie Williams, deceased. After his removal Tye appealed to the circuit court. There the action of the county court was sustained. From that judgment Tye appeals.

The appointment and removal of Tye occurred under the following circumstances:

His intestate, Ollie Williams, was shot and killed. On January 28, 1913, several months after Williams'

death, Tye applied for appointment as his administra/ tor. Accompanying his application was a written request of A. Williams that he be appointed. Thereupon the order of appointment was made, and Tye qualified by executing proper bond. On January 31, 1913, Perry Williams, the father and heir at law of Ollie Williams, deceased, appeared and objected to the appointment of Tye, and asked that the appointment be set aside. The case was passed for hearing until February 8, 1913. On February 8, Perry Williams, the father, and Squire Williams, the brother, of Ollie Williams, deceased, filed their affidavit in support of the written motion and request to have Tye removed as administrator. At the same time Tye filed his written protest, and also filed the affidavit of R. L. Pope in support thereof. The affidavit of Perry Williams, the father, and Squire Williams, the brother of the decedent, was to the effect that Perry Williams was the father and sole heir of Ollie Williams; that A. Williams was unknown to them, and was no relation of the decedent, and that the appointment of William Tye was made without their knowledge and consent. They further alleged that on the day William Tye was appointed administrator he came to Pineville, accompanied by his attorney, and immediately upon his appointment filed a suit against the sheriff of Bell County and his bondsmen, seeking to recover from them damages for the wrongful killing of Ollie Williams. They also alleged that they did not know what kind of a contract the administrator had made with his attorney, but that the sole purpose of the appointment was to enable the attorney to obtain a fee and the administrator to obtain a commission. Thereupon the county court entered an order to the effect that at the time of the prior appointment he was under the impression that A. Williams, who had requested the appointment, was an heir, and had an interest in the estate of the decedent, and that in view of the fact that the father and brothers of the decedent did not approve of or consent to the appointment, and were opposed to it, he concluded that the best interests of the estate would be subserved by setting aside the order making the appointment. This was accordingly done.

Sections 3896 and 3897, Kentucky Statutes, are as follows:

"3896. The court having jurisdiction shall grant administration to the relations of the deceased who apply for the same, preferring the surviving husband or wife, and then such others as are next entitled to distribution, or one or more of them who the court shall judge will best manage the estate."

"3897. If no such person apply for administration at the second county court from the death of an intestate the court may grant administration to a creditor, or to any other person, in the discretion of the court. If a will shall afterward be produced and proved, the administration shall cease, and the court may proceed to grant a certificate of the probate thereof, or, in the proper case, letters of administration, with the will annexed."

Section 3846, Kentucky Statutes, provides:

"If a personal representative shall reside out of the State, or become insane, or become otherwise incapable to discharge the trust, or bankrupt, or insolvent, or in failing circumstances, the county court shall remove him, and the other representative shall discharge the trust; but if he reside in the county of his appointment, or in an adjoining county, and is not insane, he shall have ten days' notice before the order of removal is made; if insane, the notice must be given to his trustee, if he have one, and if there is no representative, the court may appoint one."

It will be observed that under section 3896 the relations of the decedent who apply for administration are entitled to precedence. But section 3897 provides that if no relation applies at the second county court from the death of the intestate, the court may grant administration to a creditor or to any other person, in the discretion of the court. It does not appear from the record that any fraud was practiced on the county court. The order of the county court simply recites that he made the appointment of Tye under the impression that A. Williams, who requested the appointment, was a relative of the decedent, and that he revoked the appointment because the relatives of the decedent protested, and he believed it would be to the best interests of the estate of the decedent to do so. As no relative of the decedent applied for administration until after the second county court, the right of precedence was necessarily waived.

The court then had the right to appoint an entire stranger. The fact that the court was under the impression that the appointment was requested by a relative in no way affects the validity of the appointment, which he had the right to make without regard to the request. Having the power to appoint a stranger, the appointment of Tye, in the absence of fraud in its obtention, was valid. The question is: Has a county court which appoints a stranger after the relatives of the decedent have lost their right of precedence the power to remove the appointee merely because of the request of relatives, and the belief on the part of the county court that the best interests of the estate of the decedent will be thereby subserved? We think not. An administrator has such an interest in the execution of the trust as entitles him to protection from removal without cause. Dunlap v. Kennedy, 10 Bush, 539; Gill v. Riley, 28 Ky. L. R., 639, 90 S. W., 2; Prior v. Misner, 79 Ky., 232. Where his appointment is valid, and no satisfactory cause for his removal is shown, the county court is without power to remove him. Young's Adm'r v. L. & N. R. R. Co., 28 Ky. L. R., 454; Bennett v. Bennett's Admr., 134 Ky., 444. In this case Tye was not removed for cause. His removal was, therefore, improper.

Judgment reversed and cause remanded, with directions to set aside the order of removal.