## Shields, et al. v. Shields, et al.

(Decided October 8, 1920.)

## Appeal from Nelson Circuit Court.

1. Executors and Administrators—Claims of Executors and Administrators—Attorneys' Fees.—Where an executor suing as such and in his own right attempts to establish against the other devisees his right as a devisee under the will, to nearly all of the estate, and the other devisees employ their own counsel and defeat this claim, he is not entitled to an allowance from the funds of the estate to reimburse him for fees paid to his attorneys, even though some part of the services rendered by his attorneys were such as would have been required by a disinterested executor and for which reimbursement could have been claimed out of the estate.

2. Wills—Advancements.—One who claims and takes under a will cannot deny that an amount charged as an advancement by testator to one of his devisees was made by the testator out of funds belonging to him and assent claim to one-half thereof upon proof that the advancement was made out of funds belonging to him and testator jointly.

3. Executors and Administrators—Allowance.—An allowance made to an executor for selling land and distributing the proceeds in obedience to the will and a judgment of court was proper.

ERNEST N. FULTON, JOHN A. FULTON and KELLY & KELLY for appellants.

NAT W. HALSTEAD, OSSO W. STANLEY, and JOHN TODD for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming on original appeal and reversing in part on the cross appeal.

This is the second appeal on this case, the former opinion being reported in 185 Ky. 249, but the questions at issue now were not here on the former appeal.

M. T. Shields, as executor of his deceased brother, John W. Shields, and in his own right as a surviving partner and legatee, filed this action against the other heirs and devisees of his testator, asserting his ownership under the will of the entire estate except one farm; and this construction of the will and a settlement of the estate in accordance therewith, he sought to enforce against the defendants. Defendants employing their own counsel contested this claim of plaintiff, M. T.

Shields, and same was denied in both the circuit court and this court.

1. When the case went back to the lower court, plaintiff asked for an allowance of $5,000.00 to reimburse him for fees paid to his attorneys for services which he claimed were rendered to him as executor. The court allowed him $4,000.00, and his first contention upon this appeal is that the court erred in refusing to allow him the full amount of the claim. Defendants have cross appealed and contend that the court erred in allowing plaintiff any part of the $5,000.00 for his attorneys, who, they insist, represented him only in his individual capacity.

While it is true that the suit involved primarily, a construction of the will made necessary by reason of the diverse contentions of plaintiff on the one side and the other heirs and devisees of the decedent on the other, it is also true that the executor and his attorneys took the side of and represented only M. T. Shields as an individual in his effort to procure a favorable and unwarranted construction of the will and settlement of the estate. The duty of the executor and the claim of the individual M. T. Shields were so entirely antagonistic that no attorney could possibly represent both at the same time and in the same litigation. A disinterested executor necessarily would have brought suit for a construction of the will against all of the heirs and devisees, calling upon them unaided by him or his counsel to fight out among themselves their adverse contentions. Under such circumstances an executor would have been entitled to an allowance for his attorneys, but in so far as this litigation is concerned, in which most of the services are alleged to have been performed, no such question is presented. The services of counsel for plaintiff were worth $5,000.00 as is conclusively proved, but nearly all of them were rendered to M. T. Shields individually and not as executor. That some part of these services would have been required by a disinterested executor is wholly beside the question, since there was no such executor in this litigation. Should then defendants, who to protect their interests under the will were required to employ and pay their own counsel by reason of the hostile and unwarranted attitude of the executor, be required to pay any part of his attorneys' fee in this action? A mere statement of the proposition sufficiently exposes

its injustice and inequity. Under somewhat analogous circumstances, this court has refused to make litigants pay any part of an attorney's fee of which they might have been but were not beneficiaries. See Whitehead v. Fulton, 187 Ky. 718, and cases there cited.

In Goddard's Extx. v. Goddard, et al., this court in response to a petition for rehearing reported in 164 Ky. 41 held it was error to allow the executrix attorney fees where the suit ostensibly for a construction of the will was in fact for the purpose of enforcing a claim asserted in her own behalf against the other beneficiaries. To the same effect are Robbins' Exor. v. Robbins, 8 Ky. Law Rep. 54; Wakefield & Beard v. Gilliand's Admr., 13 Ky. Law Rep. 845; Wilson, et al. v. Wilson, et al., 188 Ky. 53, 11 R. C. L. 236.

We are therefore of the opinion the court erred in allowing the executor anything for attorney's fees in so far as this litigation is concerned, and as the allowance made included such services it must be reversed. The evidence shows however that the executor performed some necessary services for the estate in which attorneys' services were required and had, aside from this litigation, such as probating the will, payment of inheritance taxes, etc., for which he is entitled to allowance for attorney's fees expended, but it does not appear what such services were reasonably worth as the evidence as to value was of the entire service performed by his attorneys including this litigation. Upon a return of the case the executor should be permitted to prove the reasonable value of services rendered him as executor by his attorneys outside of this litigation and to that extent he will be reimbursed by allowance out of the estate on final settlement.

2. The next complaint of appellant is that the court erred in refusing his claim to one-half of $1,400.00 and interest deducted from the share of Mrs. Kolb, a sister of decedent and appellant. The will gave Mrs. Kolb one-eighth of the proceeds of testator's home farm and by inheritance she was entitled to one-ninth of the rest of his property, of which he died intestate; but by the fifth clause of the will it was provided that this $1,400.00 and interest should be "Deducted from any amount which may come to my sister Ella Kolb." Necessarily then, by the terms of the will this amount had to be deducted from what was coming to her out of testator's

estate, whether from the proceeds of his home farm or from his half of the partnership business; and, when so deducted, went back, of course, into his estate for the benefit of those entitled thereto and not to the partnership property. This charge against Mrs. Kolb was not therefore a chose in action as appellant contends, or property which testator or the partnership owned at his death, but was simply an expression of his intentions with reference to an advancement made by testator out of his own funds, during life. At least it is clear testator so treated and disposed of it, and appellant who claims and takes under the will one-eighth of this sum deducted from Mrs. Kolb's share, and much else, could not claim one-half thereof against the will, even upon proof that the advancement had been made by testator out of partnership funds.

That item five of the will in no wise represented or dealt with property owned by decedent at his death is also conclusive of the fact that statements in the judgment of the lower court and the opinion of this court on the former appeal, describing the property which belonged to decedent and to the partnership at his death, did not refer to or include this charge against Mrs. Kolb.

The question with which we are now dealing was not before or considered by the circuit court or this court in the former judgment and appeal therefrom, and hence is not *res judicata* as is contended by counsel.

3. Appellees upon their cross appeal also complain of the allowance to the executor of $794.05 in commissions for selling testator's home farm and distributing the proceeds, but this was not error since these services were performed by the executor in obedience to the will and judgment of court and all parties received the benefit of same, for which they would have had to pay a like fee and in the same proportions no matter who performed the services.

Wherefore the judgment is affirmed on the original appeal and reversed on the cross appeal upon the question of attorney's fees for further proceedings with reference thereto as herein indicated.