## Shields, et al. v. Shields, Executor, et al.

(Decided October 18, 1921.)

### Appeal from Nelson Circuit Court.

1. **Executors and Administrators—Allowance for Attorneys' Fees.—** Where the executor in a contest over a will claims in his individual capacity a major portion of the estate and the other devisees are forced to and do employ counsel to represent them in the litigation with the executor, the executor is not entitled to have his attorney fees allowed out of the estate, especially that part thereof which was expended by him in the employment of counsel to represent him in his individual capacity.

2. **Executors and Administrators—Allowance for Attorneys' Fees.—** Where the evidence in support of a claim of the executor for attorney fees is sufficient to enable the court to determine with reasonable certainty the fair value of the services performed to the executor independent of other services performed by the same counsel to him as an individual, the fee will be fixed by the court

although the witnesses decline to seggregate such services and fix a value thereon.

NAT W. HALSTEAD for appellants.

KELLY & KELLY, JOHN S. KELLY, JOHN A. FULTON, E. N. FULTON and VICTOR KELLY for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

This litigation originally arose over the construction of the will of M. T. Shields. After a trial in the Nelson circuit court the case was brought to this court on appeal, the opinion rendered may be found in vol. 185 Ky. 249. The judgment was reversed and the case remanded to the trial court for further consideration. The executor asked an allowance of $5,000.00 for his attorneys, but the court allowed $4,000.00, and from this judgment the executor appealed and Ed. T. Shields and others prosecuted a cross appeal. The opinion delivered (190 Ky. 109) is in part as follows:

"While it is true that the suit involved, primarily, a construction of the will, made necessary by reason of the diverse contentions of plaintiff on the one side and the other heirs and devises of the decedent on the other, it is also true that the executor and his attorneys took the side of and represented only M. T. Shields as an individual in his effort to procure a favorable and unwarranted construction of the will and settlement of the estate. The duty of the executor and the claim of the individual, M. T. Shields, were so entirely antagonistic that no attorney could possibly represent both at the same time and in the same litigation. A disinterested executor necessarily would have brought suit for a construction of the will against all of the heirs and devisees, calling upon them unaided by him or his counsel to fight out among themselves their adverse contentions. Under such circumstances an executor would have been entitled to an allowance for his attorneys, but in so far as this litigation is concerned, in which most of the services are alleged to have been performed, no such question is presented. The services of the counsel for plaintiff were worth $5,000.00, as is conclusively proved, but nearly all of them were rendered to M. T. Shields individually and not as executor. That some part of these services would have been required by a disinterested executor is wholly beside the question, since there was no such executor in

this litigation. Should the defendants, who to protect their interests under the will, were required to employ and pay their own counsel by reason of the hostile and unwarranted attitude of the executor, be required to pay any part of this attorneys' fee in this action? A mere statement of the proposition sufficiently exposes its injustice and inequity. Under somewhat analogous circumstances this court has refused to make litigants pay any part of an attorney's fee of which they might have been but were not beneficiaries. See Whitehead v. Fulton, 187 Ky. 718, and cases there cited.''

In the same opinion we further said. ''The executor performed some necessary services for the estate in which attorneys' fees were required and had, aside from this litigation, such as probating the will, payment of inheritance taxes, etc., for which he is entitled to an allowance for attorneys' fee expended, but it does not appear what such services were reasonably worth as the evidence as to the value was of the entire services performed by his attorneys, including this litigation.'' The case was again returned to the trial court for the purpose of hearing evidence upon the value of services performed by counsel to the executor, independent of the present litigation, and especially relating to such services as were so rendered on the probation of the will, payment of inheritance taxes and the preparation of the case in so far as it related to the particular farm which the testator directed to be sold, and to advice and professional assistance which counsel rendered to the executor in the proper administration of the affairs of his office. Appellees introduced evidence (4 witnesses), which tends to show that the services thus rendered were reasonably worth $3,500.00. The court fixed the fee at $3,000.00 and Ed. T. Shields, etc., prosecute this appeal from that judgment.

On the second appeal the entire services of counsel for M. T. Shields, both in his individual capacity and as executor, were fixed at $5,000.00 by the executor and at $4,000.00 by the court. As the services rendered by counsel were very largely rendered to M. T. Shields in his individual capacity and not as executor we are constrained to hold that the allowance of $3,000.00 for the services to the executor is much too high. This, of course, does not militate against the right of counsel to have the entire fee of $5,000.00, but the estate should not be responsible for as much as $3,000.00 of that sum. Appel-

lants introduced no evidence as to the value of the services, but rely upon the assertion that there is no evidence tending to show the value of services of counsel rendered to the executor in his proper capacity. It must be admitted that the evidence of appellees on this point is not very satisfactory, but the court is of opinion that the services rendered by counsel to the executor are reasonably worth $2,000.00. This may be a liberal allowance, but is better so than to be too meager.

The trial court will enter a judgment in conformity to this opinion.

Judgment reversed.