## Erdman, et al. v. Masters, et al.

(Decided March 27, 1925.)

Appeal from Jefferson Circuit Court
(Chancery Branch, Second Division).

1. Wills—Rule as to Interest Taken by Devisee of Corpus of Estate, Income of which was to be Paid to Another During Life, Stated.— Where devise requires trustee to pay income to life tenant and to divide principal among testator's children, or, if none, among named persons, children take defeasible fee; but if trustee be required to pay income to life tenant and definite sum from corpus to named child, such child takes vested estate in fund so devised to him, not subject to defeasance on his predeceasing life tenant.

2. Wills—Vested Remainder Exists where there is Person in Being who Would have Immediate Right to Enjoyment in Possession if Life Estate Determined.—Vested estate in remainder exists where there is a person in being who would have an immediate right to its enjoyment in possession if life estate should determine.

3. Wills—Law Favors Vesting of Estates and, if Possible, will so Construe Testamentary Gift.—Law favors vesting of estates, and, if possible, will so construe testamentary gift.

4. Wills—Mere Postponement of Payment of Gift Does Not Make it Contingent.—Mere postponement of payment of gift does not make it contingent.

5. Wills—Bequest of Interest in Principal of Estate, Income of which was Payable to Life Tenant, Held to Take Vested Interest Not Defeated though he Predeceased Life Tenant.—Where property was bequeathed to trustees with directions to pay income of estate to testator's wife during life and on her death to "pay to each of my two sons . . . the sum of $2,500.00," held, that son took vested estate in remainder which was subject to disposition by will, though he predeceased life tenant.

J. W. GARRISON and J. H. BRYANT for appellants.

MORTON K. YONTS and PETER, LEE, TABB & KRIEGER for appellees.

Opinion of the Court by Judge Sampson—Affirming.

Certain parts of the last will and testament of Charles W. Erdman, made the 10th of September, 1917, and probated in October of that year, are presented by this litigation for construction and interpretation. After

making several specific devises, not involved here, testator provided:

"I give and devise all of my other real estate, wherever situated and which I may own at my death, to my wife, Clara V. Erdman, for and during her life, with power in my executor—with my said wife joining in the deed—to sell and make deed to my Third street residence, should my wife wish to sell it, the proceeds to be invested in other real or personal estate, and the income thereof to be paid to my wife, as collected, as long as she lives, and at her death, she may dispose of the proceeds thereof by last will or testament, or if the house is not sold, disposed of it in the nature of a last will.

"The Main street house shall pass to my daughter, Bettie B. Burks, at my wife's death.

"I also give my wife, during her life, my household furniture and effects and my automobile. At her death, the two big Japanese vases, two china plaques, and the china tea set which were left me by Mr. Alexander, the vice-consul at Breslau, and which are now in my residence, No. 1218 Third street, Louisville, Kentucky, I give and bequeath to my daughter, Bettie B. Burks; all the rest of my household furniture and effects and automobile, and effects of every kind and description shall be disposed of as my wife shall by will direct.

"I do not give my daughter, Bettie B. Burks, more of my estate for the reason that I have heretofore given and advanced to her in my lifetime a very considerable sum of money in the aggregate, and I feel that it is not just to my other children, that she should receive more than she is given by this will.

## "V.

"Excepting the articles hereinbefore disposed of, I give and bequeath to my trustee, hereinafter named, all the personal property I may own at my death, of whatsoever kind, to be by said trustee held, preserved, managed, invested and reinvested, and the income thereof collected; and I hereby confer upon said trustee full power and discretion to sell and resell as often as to said trustee may seem best, all or any part of said personal estate at public or private sale for such price, and upon such terms of

payment as to said trustee may seem best, hereby vesting said trustee with full power to assign, transfer and deliver said personal property, and in no case shall the purchaser thereof be required to look to the application of the purchase money.

"In making investments my desire is that the trustee purchase the bonds of the city of Louisville, Kentucky, so long as said securities are regarded by well-informed, prudent business men as being as good and safe an investment as they now are.

"It is my wish that no investment shall be made in real estate by said trustee, and that my executor and trustee shall have no control over any real estate which I may own at my death.

"After the payment of all of my just debts, my funeral expenses, taxes and other charges, the trustee shall dispose of the net income and of the principal of my personal estate as follows, namely:

"(a)  During the life of my wife, the trustee shall pay to her the net income of my estate, or such portion as she may desire. Any portion of the net income not drawn by my wife, shall be added to and become a part of the principal of my estate."

The Louisville Trust Company qualified as executor and trustee under the will. The wife, Mrs. Clara V. Erdman, survived her husband but died in January, 1920. Three children, John O. Erdman, Charles T. Erdman and Bettie B. Burks, survived the testator, but Charles died in December, 1918, almost two years before the death of his mother.

The question presented requires us to determine what shall become of the legacy of $2,500.00 made to the son, Charles T. Erdman, who survived the testator but died before his mother, the life tenant.

Appellants insist that Charles T. Erdman took a defeasible estate in the $2,500.00, subject to be defeated by his death without issue before the death of his mother, which time testator intended to, and did, fix as period of distribution. On the other hand appellees insist that Charles T. Erdman took a vested estate in the $2,500.00 fund devised to him not subject to be defeated upon his death before the death of his mother, the life tenant, the enjoyment alone being postponed until after the death of the life tenant.

Where there is a devise to a trustee with direction to pay income to the life tenant and at the death of the life tenant to divide the principal among children, or if none, then to pay to named persons in equal shares the children took a defeasible fee, subject to be defeated upon their death before the death of the life tenant. But where the devise is to a trustee with direction to pay income only to the life tenant and at the death of the life tenant to pay a definite sum from the corpus to a named child, such child takes a vested estate in the funds thus devised to him, immediately upon the death of the testator, not subject to be defeated by his death before the death of the life tenant. Sherley v. Sherley, 192 Ky. 122. A vested estate in remainder exists where there is a person in being who would have an immediate right to its enjoyment in possession if the life estate upon which it depends should determine. Bank of Taylorsville v. Van Dyke, 159 Ky. 201. The foregoing rule is aided by another well established rule to the effect that the law favors the *vesting* of estates, and whenever possible will construe a testamentary gift in that sense. Fernandez, et al. v. Martin, 189 Ky. 438; Grubbs v. Grubbs, 190 Ky. 258. It is not the uncertainty of the enjoyment in the future but the uncertainty of the right of that enjoyment which makes the distinction between a vested and a contingent remainder, says Chancellor Kent. Mere postponement of payment of a gift does not make it contingent. Speckman v. Myer, 187 Ky. 687.

The learned chancellor, delivering the opinion in this case, observed:

"There is nothing to annex the time for payment, in the terms of the gift, to the substance of the legacy, and make the legatee's right to it depend upon his being alive at the death of the tenant for life. The case, therefore, does not fall strictly within the operation of the general rule referred to. The rule, however, is subject to exceptions, and where there is no other gift than in the direction to pay or distribute, in future, yet if such payment or distribution appear to be postponed for the convenience of the fund or property (as where the future gift is only postponed to let in some other interest) the vesting will not be deferred till the period in question.

"The general policy of the law and the rules of interpretation require that legacies in all cases, unless clearly inconsistent with the intention of the testator, should be held to be vested rather than contingent.

"In the present case, Chas. W. Erdman, by his will, gave his personal property to the trustee (Louisville Trust Company) and directed it to pay the income to his wife during her life and at her death to make various dispositions of the principal and, among other things, to 'pay to each of my sons, Chas. T. Erdman and John O. Erdman, the sum of twenty-five hundred dollars.' That was all. There were no qualifying words, no gift over. Just that, and no more.

"Chas. T. Erdman died in the life of Mrs. Erdman, the life tenant, leaving a will by which he gave everything to his wife, and she claims by virtue of that will. John O. Erdman claims by virtue of a supposed right of survivorship, as between his brother and himself. A sister of theirs, Mrs. Burks, claims one-half of the fund as one of two residuary legatees.

"I think that the widow of Charles T. Erdman is entitled to the fund under his will. I think her husband was given a vested remainder interest which passed by his will upon his death in the lifetime of his mother. The case of Gatto v. Gatto (198 Ky. 569), so strongly relied upon by her adversaries, is not controlling because of the marked difference between the testamentary papers in the two cases. In the *Gatto case* the court based its decision upon the effect of certain qualifying phrases in the Gatto will, which are absent from the Erdman will."

The ruling of the chancellor, it seems to us, determines correctly the rights of the parties. The son, Charles T. Erdman, took under the will a vested estate in the $2,500.00 fund. Its enjoyment alone was postponed. Having a vested estate it was subject to devise even during the existence of the precedent estate. By his will he devised it to his wife, now appellee, a right which was his. As there is no error the judgment is affirmed.