## Slaughter's Executor, et al. v. Caldwell, et al.

(Decided October 29, 1926.)

### Appeal from Owen Circuit Court.

Executors and Administrators.—Executor who is sole beneficiary under will is not entitled to allowance out of estate, of counsel fees expended by him in unsuccessfully defending contest of will.

J. W. CAMMACK and J. L. W. SLAUGHTER for appellants.

H. W. ALEXANDER and J. G. VALANDINGHAM for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

The sole question presented by this appeal is whether or not an executor, who was the sole beneficiary

under the will of which he was executor, is entitled to be allowed, out of the estate, counsel fees expended by him in the defense of a contest brought to break such will on the grounds of mental incapacity and undue influence, in which contest the contestants were successful. The facts relative to such will contest here involved may be found in the case of Beatty v. Caldwell, 210 Ky. 559, 276 S. W. 547. Although this precise question does not seem to have ever been before this court before, we think it is concluded by the opinions of this court in the cases of Shields v. Shields, 192 Ky. 555, 234 S. W. 7; and Goode v. Reynolds, 208 Ky. 441, 271 S. W. 600. We there held that where the services of an attorney are rendered to advance the interest of the executor in his individual capacity, and not in his representative capacity, the executor should not be allowed a fee for his attorney on account of such services so rendered. Although in this case the executor was technically a party in his representative capacity, yet it is apparent that the will contest involved the interest of no one under the will except that of the executor individually, and that his efforts to sustain the will, had they been successful, would have redounded to the benefit of no one but himself individually. He therefore was in no just sense defending the will in a representative capacity but solely for his own benefit. That being true, the principles of the Shields and Goode cases should control. See also Louisville Trust Co. v. Fidelity & Columbia Trust Co., 209 Ky. 289, 272 S. W. 759.

We are therefore of the opinion that the lower court committed no error in disallowing the appellant the counsel fees he asked for and its judgment is affirmed.