# Erdman's Administrator v. Erdman's Administrator et al.

(Decided October 22, 1929.)

MORTON K. YONTS for appellant.

PETER, LEE, TABB & KRIEGER for appellees.

OPINION OF THE COURT BY COMMISSIONER STANLEY—
Affirming.

This suit involves the power of the courts to reduce at the instance of a creditor of the estate an attorney's fee fixed in a contract of employment by the personal representative. The reasonableness of the fee—a contingent one—provided by the contract is also presented by the appeal.

The case is a sequel to Erdman v. Masters, 208 Ky. 361, 270 S. W. 758, and is closely related to Erdman's Administrator v. Erdman's Executor and Trustee, 229 Ky. 162, 16 S. W. (2d) 756. The first case involved the disposition of a devise of $2,500 in the will of C. W. Erd-

man.  The facts appear in the opinion.  The widow and
sole devisee of the son, C. T. Erdman, consulted Morton
K. Yonts, an attorney, of Louisville, with respect to se-
curing this sum for her late husband's estate.  An as-
sociate of Mr. Yonts, William Rosenfield, qualified as ad-
ministrator with the will annexed of C. T. Erdman, and
then he entered into a contract with Mr. Yonts, agreeing
to pay him a sum equal to 50 per cent. of any amount re-
covered.  Mrs. Erdman also signed that contract.

The result of the litigation was that the provision
of C. W. Erdman's will was construed favorably to the
son's estate, and there was paid to his administrator the
sum of $3,378.16, being the bequest with accrued inter-
est.  This constituted all of the son's estate, except a
home, fully mortgaged.  His brother and sister contested
his will, and the same counsel represented the adminis-
trator with the will annexed and the devisee,  and won
the case.  It seemed necessary to file a suit to settle this
little estate, and that was done.  The claims and charges
made were as follows:

| | |
|---|---:|
| Claim of Herman Straus & Sons Co. .................................$ | 10.87 |
| Commission to administrator ................................................ | 168.90 |
| Fee paid Morton K. Yonts, attorney for administrator in action for recovery of legacy ..................................... | 1,689.08 |
| Fee to Messrs. Yonts and Woodbury for services in will contest ......................................................................... | 500.00 |
| Commissioner's fee ................................................................. | 50.00 |
| Fee to Messrs. Yonts and Woodbury for services in this settlement suit ........................................................... | 100.00 |
| Other costs ............................................................................... | 70.00 |
| Total ............................................................................... | $2,588.85 |

If all these claims and charges had been allowed,
the remainder for distribution to the widow or payment
of debts would have been only $789.31.  The executor of
C. W. Erdman held a judgment against this estate for
$2,000, and it interposed objection to the allowance of the
attorney's fees, because the effect was to deprive it of
the collection of all its judgment.  That judgment was
subsequently affirmed in the case of Erdman's Adminis-
trator v. Erdman's Executor, supra.  The commissioner,
after hearing proof on the reasonableness of the fees,
reduced that for services in the will contest from $500
to $200, and it appeared that one-half of the administra-
tor's fee, $84.45, had been or would be paid by the attor-

ney, who received one-half of the recovery. No complaint was made as to the reduction, but C. W. Erdman's executor filed exceptions to so much of the report as allowed the contingent fee of one-half of the recovery in the will construction case. The chancellor sustained the exceptions, and adjudged $750 as a reasonable fee. It is from that portion of the judgment that this appeal is prosecuted.

There is no question of the authority of a fiduciary to make contracts with attorneys in defending or prosecuting suits involving the estate. But that authority is subject to the limitation that the fee stipulated shall be reasonable, and that is a question for the court to decide under its general powers over the management and settlement of trust estates. Sanders v. Woodbury, Guardian ad Litem, etc., 146 Ky. 153, 142 S. W. 207; Elk Valley Coal Mining Co. v. Willis & Meredith, 149 Ky. 449, 149 S. W. 894; McMillen's Executors v. McElroy, 186 Ky. 644, 217 S. W. 927. This power of review has been often recognized and exercised, an illustrative and leading case being Baldwin's Executor v. Barber's Executors, 148 Ky. 370, 146 S. W. 1124. Contingent fees for professional services in courts of justice are valid, when not champertous. Wood v. McCann, 6 Dana, 366. In Pennebaker v. Williams, 136 Ky. 120, 120 S. W. 321, 123 S. W. 672, under peculiar and very extraordinary circumstances, the court approved the payment by the executor of a contingent fee of 50 per cent.; and in Sanders v. Woodbury, Guardian ad Litem, supra, a similar contract for a contingent fee was approved. That was an action for personal injuries, and the amount paid in compromise was $1,075. The court approved an allowance of $370 as fee, counsel having waived his right under a contract for half of the recovery.

One contracting with a personal representative does so subject to the legal limitations on his authority to act in such capacity, and this, of course, includes the power of revision by the courts. This rule is sound in law and in principle, for he is not only the representative of the decedent, or of his heirs or devisees, but also to a very great extent is the representative of the creditors. He occupies a position of trust with respect to those who are interested in the estate, and in a broad sense is a trustee of the property in his hands. 23 C. J. 1170; Boswell's Executor v. Senn's Administrator, 187 Ky. 473, 219 S. W. 803. A creditor whose interests are affected may there-

fore invoke the jurisdiction of the court, with its supervisory power over the acts of the personal representative. 23 C. J. 1174. In this instance the amount realized on the creditor's claim is reduced by the sums paid for the fees and expenses of administration.

The fee claimed under the contract, to wit, $1,689.08, and the two additional fees claimed, equals $2,289.08. Adding other costs of administration, $288.90, would make a total of $2,577.98 demanded of an estate totaling only $3,378.16. The statement sufficiently exposes the injustice and unreasonableness of the claims. Even as reduced by the commissioner, the attorney's fees aggregate $1,989.08, but, as stated, exceptions were filed only to the allowance for $1,689.08 for services rendered in the primary suit under the contingent contract. A number of reputable lawyers testified that in their opinion, under the circumstances, this was a reasonable fee, while only one attorney (counsel for the exceptor) testified to its unreasonableness. But the chancellor had tried the case in which the services were rendered, and was more familiar with the extent and degree of services required and rendered than were these attorneys, and largely reached his conclusion from his own knowledge of the facts. Said the chancellor in his opinion:

"In the present instance, the services for which this fee is asked were rendered in a case which presented a single question of law, and a question about which the decisions left little doubt. I think the contract made by the administrator was an improvident one. It is true the fee was contingent upon success, but the question was so simple, and the steps required for obtaining a decision were so easily taken, that an agreement to pay half the fund in dispute was out of all proportion to the services required to be rendered."

This court also has actual knowledge of the facts, and will not indulge in any fiction of ignorance, but will bring to bear that knowledge in reviewing the decision of the lower court.

The courts are not required to accept the opinion evidence of value of such professional services, even though it be not controverted. We are not precluded from considering the record of the case in which the services were rendered, and we may reach a conclusion as to the reasonableness of attorney's fees, independent of

expert testimony. May v. Walters' Ex'rs, 149 Ky. 749, 149 S. W. 1014; Stockholders of First State Bank v. First State Bank's Receiver, 159 Ky. 484, 167 S. W. 678.

We concur in the opinion of the lower court that a fee of $750 for the services is a reasonable one, the nature of the employment and the contingency of winning or losing the case being taken into consideration.

The judgment is affirmed.