## Maynard v. Steele et al.

(Decided January 19, 1932.)

STRATTON & STEPHENSON for appellant.

W. K. STEELE for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

The court is called upon to review an allowance of $6,500 to appellee, W. K. Steele, as attorney for the

administrator of the estate of Mrs. Kentucky Musick Maynard. The appellant, A. J. Maynard, was the husband of the deceased. He bases his appeal upon the alleged excessiveness of the fee. In brief, it is shown that Mrs. Maynard who was past eighty years of age when she died, possessed an estate of about $200,000, of which $165,000 was in cash and securities; that her heirs are a brother and a number of nieces and nephews and grand nieces and nephews; that the appellant was some thirty years her junior, and had married her about ten months before she died; that he had waived his right of administration in favor of one of the nephews; that within six months of the latter's qualification he had distributed some $30,000 to the heirs, but had refused to make a distribution to the appellant.

After the expiration of the nine months provided by the statute in which a distribution of an estate may be made, the appellant filed a suit against the administrator and his sureties in which he charged dereliction in the performance of his duties in several particulars. He asked the court to compel a distribution of the assets as required by law; also that he be removed and the matter referred to the master commissioner for a settlement. Partial settlement was then made by the administrator, with the report that he had deposited a certain sum of money at interest and held certain securities for the husband. It appears in answer that the reason the administrator had not made distribution to him was that there was then pending a suit contesting his right to share in the estate. The record shows that it was subsequently adjudged that he was entitled to share in the estate as the surviving husband.

The plaintiff's suit, among other things, sought to surcharge the settlement with $5,000 which had been paid to the administrator's counsel without an order of court. The ultimate result was that the court approved and ratified that payment, and adjudged $1,500 additional for services rendered up to the time of the entry of the order. The appeal is from that order.

The allowance of the attorneys' fees was made after a hearing by the court on exceptions to the commissioner's report allowing a total of $10,000. The evidence supporting the claim tended to prove that a fee of $10,000 was reasonable, regard being had for the labor performed, the time, skill, and ability necessary to handle

the case, the value of the estate, and comparison with the usual and customary fees in that locality. The evidence upon which the opinions of several lawyers was based showed in part that there were fifty-four heirs scattered throughout the country, and that difficulty was encountered in locating some of them. There were some complications met in ascertaining the distributable shares. It was found that some of the heirs received as little as 1/588th part. A number of suits to enforce liens and claims had been filed on behalf of the administrator and collections of large sums of money effected. Tax settlements were made and many claims against the estate examined, some of which were allowed and some denied on advice of counsel. The attorney testified that, since he had been retained, he had given about three-fourths of his time to the affairs of the estate, and that a great deal of special stenographic work was required. This labor had extended nearly two years.

The appellant minimizes this labor and its value to the estate, as well as questions the necessity of much of it. It is argued that much of the detail service rendered by the attorney should have been performed by the administrator as a part of his duties, for which he was well qualified. Perhaps so. But that question should address itself to the court in considering the compensation to be allowed him. It is also argued that nothing should be allowed against the estate for services rendered the administrator in defense of the suit prosecuted by the appellant charging him with dereliction of duty and seeking to compel him to pay his distributable share. The rule is laid down in Shields v. Shields, 192 Ky. 555, 234 S. W. 7, and many other cases, that an administrator will not be allowed to charge against the estate fees for counsel serving him individually or in resisting proper charges against him personally. See also, Trevathan's Executor v. Dees, Ex'rs, 221 Ky. 396, 298 S. W. 975.

Appellee testified that this case was treated and handled along with other legal matters involving the estate, and, while included in the general catalog of services rendered, he says that no special fee was charged, and, whether it be included or not, the fee claimed is reasonable. In this connection a case of interest is Baldwin's Executor v. Barber's Executor, 148 Ky. 370, 146 S. W. 1124, where there was a dangerous suit filed against the personal representative but not prosecuted to a con-

748

clusion. As stated, the appellee testified fully as to the services which he had rendered, and the opinions of a number of lawyers were given as to the reasonableness of the fee claimed. There is no evidence to the contrary; but, as stated in Erdman's Adm'r v. Erdman's Adm'r, 231 Ky. 219, 21 S. W. (2d) 258, the court will not accept as conclusive that character of evidence, and will give consideration to the factual evidence and form its own opinion as to the reasonableness of the fee charged, although the opinions of lawyers are considered as valuable evidence. Such rule has been followed here, and it is sufficient to state the conclusion that we cannot concur in appellant's minimization of the services rendered by counsel and their worth. Everybody with experience in such matters knows that it is almost impossible to catalog the many duties performed in the administration of a large estate and in counseling the personal representative, especially where there is antagonism displayed.

The numerous decisions as to the reasonableness of attorneys' fees are of value only as precedents to guide the court toward a fair and equal administration of the powers they possess, because no two cases present identical facts, and there is not, and cannot be, any exact or scientific rule established for fixing these fees. They must be adjudicated by applying the rule of reason to the evidence submitted. Without undertaking to state fully in the opinion the evidence and its analysis, and having due regard for the precedents without specifically citing them, we may say that there has been no difficulty in reaching the conclusion that the allowance was proper and reasonable.

Wherefore the judgment is affirmed.