## Tapp et al. v. Baskin et al.
## Parrish et al. v. Tapp et al.

(Decided Nov. 4, 1932.)

MORTON K. YOUNTS, JOHN P. HASWELL, and J. W. CLEMENTS for appellants.

HUMPHREY, CRAWFORD & MIDDLETON and MARVIN H. TAYLOR for appellees.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—Affirming.

P. H. Tapp and his wife, Hettie W. Tapp, on June 16, 1915, conveyed certain property in Louisville to the United States Trust Company upon these trusts: (1) During the lifetime of Hettie W. Tapp the net rents were to be paid to her. (2) If P. H. Tapp should survive his wife, then during his lifetime the net rents should be paid to him. (3) After the death of P. H. Tapp and his wife the property should be sold. (4) Out of the net proceeds of the rents and sale the trustee should pay to Loraine T. Baskin the amount of the note for $1,500 due her from P. H. Tapp. Then follow these provisions:

"W. W. Tapp is endorser upon notes of P. H. Tapp amounting to $2500.00, held by the Union National Bank (known as the Turner claim against P. H. Tapp). If within the next ten years Edith Hudson Tapp, Trustee for the children of W. W. Tapp, shall have paid the whole or any part of said notes then out of said net rents and proceeds of sale after the death of P. H. and Hettie W. Tapp, the Trustee, United States Trust Company, will pay to Edith Hudson Tapp, as Trustee for the children of W. W. Tapp and Edith Hudson Tapp, such amounts, with interest, as Edith Hudson Tapp, Trustee, may then have paid on account of the said endorsement of the notes for the Turner claim, but there shall be deducted from such payment to Edith Hudson Tapp, Trustee, whatever sum (being 15%) with interest, as shall have been paid upon the following personal notes which P. H. Tapp endorsed for W. W. Tapp, to wit:

"Note at Louisville National Banking Co., $500.00.

"Note at Union National Bank, $1,300.00.

"Note at National Bank of Kentucky, $200.00.

"Note at National Bank of Kentucky, $150.00.

"Note held by John Yunker, $500.00.

"Note held by Agnes O'Hearn, $400.00.

"After the payment of said sums to Loraine T. Baskin and Edith Hudson Tapp, Trustee, the balance that may be realized from the net rents and sale of said property shall be equally divided, that is to say, one-third to Loraine T. Baskin, one-third to Frances J. Tapp, and one-third to Edith Hudson Tapp, as trustee aforesaid, but from said Edith Hudson Tapp, Trustee's one-third shall be deducted said 15% which has been paid upon the six notes above mentioned, out of said funds borrowed from said Aetna Life Insurance Company, it being the purpose of this agreement to reimburse Loraine T. Baskin for the amount, with interest, which she has loaned to P. H. Tapp, evidenced by the note aforesaid, and to reimburse the Trustee of W. W. Tapp's children for whatever sums with interest which she may pay or cause to be paid, within the next ten years upon the said Turner claim, and the charge against the Trustee for W. W. Tapp's said children whatever sums may be paid, on the notes of W. W. Tapp, endorsed by P. H. Tapp, out of said funds borrowed from said Life Insurance Company and to divide the balance of the net rents and proceeds of sale as above set forth."

P. H. Tapp had three children: W. W. Tapp, the husband of Edith Hudson Tapp, and Loraine T. Baskin and Frances Tapp. P. H. Tapp died on May 4, 1918; the daughter Frances Tapp died without issue on May 26, 1918. The mother, Hettie W. Tapp, died on April 12, 1930. After the mother's death this action was filed for the settlement of the trusts and the circuit court adjudged: (1) Frances Tapp took a vested interest in the property and her right was not terminated by her death before her mother. (2) Edith Hudson Tapp should be paid out of the trust fund the amount she paid on the Turner claim.

From the first holding Edith Hudson Tapp, trustee, etc., appeals, and from the second holding the children of Mrs. Baskin prosecute a separate appeal.

█ It will be observed that by the terms of the conveyance after the payment of certain sums, the balance in the hands of the trustee "shall be equally divided, that is to say, one-third to Loraine T. Baskin, one-third to Frances J. Tapp, and one-third to Edith Hud-

son Tapp, as trustee aforesaid." There is no limitation over if any of the persons named should die at any time. The rule is well settled that the law favors that construction of a deed which renders the estate vested and not contingent. The rights of the parties named were postponed in enjoyment until after the termination of the life estate. But the parties named took a vested estate subject to the life estate named. Fields' Heirs v. Hallowell, 12 B. Mon. 517; Fidelity, etc., Co. v. Tiffany, 202 Ky. 618, 260 S. W. 357; Erdman v. Masters, 208 Ky. 361, 270 S. W. 758, and cases cited. The circuit court therefore properly held that the interest of Frances Tapp at her death passed to her mother as her heir at law and under her mother's will to her devisees.

■ Edith Hudson Tapp, the wife of W. W. Tapp, who was the son of P. H. Tapp, received from her grandfather certain stocks. These stocks were pledged to the bank to secure the Turner debt. In October, 1915, the banks sold the collateral for the payment of the debt. It is insisted for appallants in the second case that this payment was not made by Edith Hudson Tapp as trustee and therefore is not covered by the provisions of the deed above quoted. But it will be observed that the language of the deed is "Edith Hudson Tapp, Trustee for the children of W. W. Tapp." Whether the words "Trustee for the children of W. W. Tapp" are used simply to designate the person, or the character in which the payment is to be made, is a question to be determined upon the whole deed. The trustee would have nothing from the trust until the division of the property after the death of the life tenants. The notes had been given in the life of P. H. Tapp, and the phraseology of the deed shows that he then recognized that W. W. Tapp was an indorser upon these notes, and that Edith Hudson Tapp might be called upon to pay them. He did not expect this note to be held up until the end of the life estates, for he provided for the contingency of payment "within the next ten years." In other words, he was contemplating that these notes might have to be paid before the end of the life estates. The trustee would have nothing in her hands as trustee to make any payment before the end of the life estates. This is made clear by these words in the next clause, wherein it is stated that it is the purpose of this paper "to reimburse the trustee

442

of W. W. Tapp's children for whatever sums with interest which she may pay." The word "she" referred evidently to Edith Hudson Tapp, and the language is not limited to a payment made by her as trustee. In addition to this, nothing is clearer from the instrument than that P. H. Tapp was endeavoring to place his three children on an equality. Mrs. Baskin was to get back what she had lent him, and Mrs. Tapp was to be protected on the Turner claim so that in the division of the property after the termination of the life estates, the three children would come in equally. The children of W. W. Tapp simply stood in his place.

Lastly, it is insisted that the proof does not sustain Edith Hudson Tapp's petition alleging that the Turner deed was paid from the sale of her stocks. This is simply a question of fact turning on the evidence. The rule is well settled that the judgment of the chancellor will not be disturbed on the facts where the mind is left in doubt as to the truth. The proof is clear here that the Turner debt was paid by the sale of certain stocks. Mrs. Tapp testifies without contradiction that this was her property. There is no evidence that P. H. Tapp paid anything, and it is clear from the proof that the debt was settled in October, 1915, when P. H. Tapp was not in any condition to pay it. Mrs. Tapp's testimony is not only undisputed, but is strongly confirmed by the language of the deed and the other facts shown.

Judgment on each appeal is affirmed.