## Daly et al. v. Moran et al.

(Decided Oct. 16, 1934.)

CHAS. L. DALY and COLLINS & COLLINS for appellants.

B. S. GRANNIS for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

This is the fourth appeal in which this record has been presented for review. See Moran's Ex'r et al. v. Moran et al., 233 Ky. 526, 26 S. W. (2d) 565; Id., 238 Ky. 403, 38 S. W. (2d) 207; Id., 248 Ky. 554, 59 S. W. (2d) 7, 9.

The children of Mary L. Moran contested her will. Two judgments sustaining the contest were reversed because the evidence did not justify an instruction on mental incapacity. On the first two appeals it was held that the evidence as to undue influence was sufficient to

take the case to the jury, but its sufficiency to sustain the verdict was a question reversed.

On the last appeal, after reviewing the evidence, our conclusion was thus stated:

"We think the evidence tending to confirm the charge that the will at hand was the result of undue influence on the part of the principal devisee was sufficient to sustain the verdict. * * * We are of the opinion, therefore, that the judgment should be, and it is, affirmed."

On the return of the case to the circuit court, Harry Moran, the principal devisee under the will of the testatrix, entered a motion for an allowance of a fee to his attorneys of $1,500, "for their services in the Mary Moran will case, to be allowed out of the proceeds of the farm herein sold." The circuit court, "on the whole record in the four trials of the Mary Moran will case," overruled the motion, and adjudged the fee neither in whole nor in part was a claim against the Mary L. Moran estate. His attorneys are here presenting two propositions: One, the extent of the services rendered by them as counsel for the executor, Harry Moran; and the other, whether their services in their efforts to maintain the will should be paid out of the funds of the estate.

They cite to us in support of their argument McMillen's Ex'rs et al. v. McElroy et al., 186 Ky. 644, 217 S. W. 927; Marshall's Ex'r v. Pogue et al., 226 Ky. 767, 11 S. W. (2d) 918; Pryor v. Mizner, 79 Ky. 232; Douglas' Adm'r v. Douglas' Ex'r et al., 243 Ky. 321, 48 S. W. (2d) 11; Phillips' Ex'r v. Phillips' Adm'r, 81 Ky. 328; Sims v. Birdsong's Adm'r, 50 S. W. 993, 21 Ky. Law Rep. 75; Trevathan's Ex'r v. Dees' Ex'rs et al., 221 Ky. 396, 298 S. W. 975; Shields et al. v. Shields, Ex'r, et al., 192 Ky. 555, 234 S. W. 7; Goode, Ex'r v. Reynolds, Ex'r, 208 Ky. 441, 271 S. W. 600, 63 A. L. R. 631; section 1226, Carroll's Kentucky Statutes; Louisville Trust Co. v. Fidelity & Columbia Trust Co., 209 Ky. 289, 272 S. W. 759.

The provisions of the will of Mary L. Moran, the names of the devisees, and the nature and extent of the property therein devised them, are fully stated in our former opinions. Therefore, it is entirely unnecessary to repeat what we have therein stated in respect to these topics.

The nature and extent of the services rendered by the counsel of Harry Moran, the nominated executor; the principal devisee under the will, are disclosed in this and the records of the former appeals.

The cases cited by counsel of Moran were where the nominated executor of the will incurred costs and the services of the attorneys were rendered in good faith in attempting to sustain the will.

It is conceded in such cases:
"That it is the duty of the nominated executor, acting in good faith, to maintain the will in all its provisions and to resist all efforts to set it aside." See cases, supra.

It is admitted in such cases the executor is authorized to employ and pay counsel for services rendered in his attempt to sustain the will, and that he is entitled to charge the estate therefor a reasonable sum to pay the fee of his counsel.

In the pending case, Harry Moran was the principal devisee, in that the estate was, as indicated in our former opinions, devised to him with bequests to others, to be paid by him out of the personal estate devised to him subject to the charge of the special bequests to the other devisees.

The personal estate of the testatrix was of nominal value, and, unless the will was set aside, the devisees, other than Harry, would have received but little under it.

On the facts appearing, this case falls within the rule where the executor is the principal beneficiary of the will, though he may be the nominated and acting executor, and it is apparent the will contest involved the interest of no one under the will except himself individually, and that his efforts to maintain it, if successful, will inure exclusively to him, personally, he is not entitled to an allowance from the estate of counsel fees expended by him in unsuccessfully defending the contest of the will. Slaughter's Ex'r et al. v. Caldwell et al., 216 Ky. 261, 287 S. W. 720; L. A. Wood v. Goff's Curator, 7 Bush, 59; Crawford's Heirs v. Thomas et al., 114 Ky. 484, 54 S. W. 197, 55 S. W. 12, 21 Ky. Law Rep. 1100, 1178; Shields et al. v. Shields et al., 190 Ky. 109, 226 S. W. 392; Goode, Ex'r v. Reynolds, Ex'r, supra; Trevathan's Ex'r v. Dees' Ex'rs et al., supra.

It is our conclusion that Harry Moran was in all of his efforts attempting to probate the will solely to promote his individual interests, and he is not entitled to have paid out of the testatrix's estate attorneys' fees so incurred or expended.

Wherefore, the judgment is affirmed.